IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CURTIS SANDERS,** )<br>)<br>   **Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**BI-STATE DEVELOPMENT AGENCY,**)<br>)<br>   **Defendant.** ) | Case No. 3:24-cv-2358-DWD |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

This Memorandum & Order addresses Defendant Bi-State Development Agency's Motion to Dismiss Plaintiff Curtis Sanders' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). If a dismissal is granted in this case, the issue is whether it should be with or without prejudice. For the reasons discussed below, the Court **GRANTS** Defendant's Motion and finds that dismissal without prejudice is appropriate in this case, as Plaintiff is proceeding *pro se* and it is not beyond doubt that no amendment would cure the deficiencies in the Complaint.

### I. BACKGROUND

On or about July 25, 2024, Plaintiff Curtis Sanders, proceeding *pro se*, filed a handwritten complaint alleging that Defendant Bi-State Development Agency violated the Americans with Disabilities Act (ADA), Title VI of the Civil Rights Act, and Equal Employment Opportunity (EEO) regulations. Plaintiff bases these allegations on an incident occurring on or about May 16, 2024, where Plaintiff was denied access to place

1

his electric bicycle on Defendant's bus bicycle rack, allegedly causing an eight-minute delay until Plaintiff was able to board the next bus. When Plaintiff allegedly asked the bus operator for the reason that Plaintiff was not able to place his bicycle on the bus's bicycle rack, Plaintiff was purportedly told that battery-powered bicycles were not permitted on the bus. The next Bi-State bus allowed Plaintiff access and allegedly permitted him to place his bicycle on the bicycle rack, and the operator of that vehicle allegedly informed Plaintiff that the prior operator was mistaken in not allowing him to board with his bicycle. As a result of this interaction, Plaintiff further alleges knee injuries because of his eight-minute wait for the next Bi-State bus. Defendant Bi-State Development Agency filed a Motion to Dismiss, arguing Plaintiff's Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).

## II. LEGAL STANDARDS

### a.   Rule 12(b)(6) Standard

Under Rule 12(b)(6), a court must dismiss a claim for relief when the complaint fails to state a claim upon which relief can be granted. A complaint must contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint cannot rely on mere conclusions without factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### b.   Dismissal With or Without Prejudice

Generally, a dismissal under Rule 12(b)(6) is with prejudice if the claim is not one upon which relief can be granted. However, courts in the Seventh Circuit typically allow

at least one opportunity to amend the complaint before dismissing it with prejudice, particularly for *pro se* litigants. *Tate v. SCR Medical Transp.*, 809 F.3d 343, 346 (2015).

### c.   Treatment of *Pro Se* Complaints

Courts apply a less stringent standard to *pro se* complaints and have a duty to construe them liberally. *Kyle v. Patterson*, 196 F.3d 695, 697 (1999). Courts should allow *pro se* litigants ample opportunity to amend their complaints if doing so could enable them to state a meritorious claim. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (2015).

### III. ANALYSIS

The Plaintiff's *pro se* status requires the Court to construe his Complaint liberally, and to provide him with an opportunity to amend if it appears that he could state a claim by doing so. The Seventh Circuit has consistently emphasized the importance of allowing *pro se* litigants to amend their complaints unless it is beyond doubt that no set of facts could support their claims. The Plaintiff alleges violations of the ADA, Title VI, and EEO regulations but his factual allegations are insufficient to support essential elements of these claims. For instance, Plaintiff's Complaint does not allege that the bus driver was aware of any disability of Plaintiff, or that the electric bicycle was a necessary accommodation for his disability. Similarly, the Complaint does not allege any facts suggesting discrimination based on race, color, or national origin under Title VI. These deficiencies support dismissal under Rule 12(b)(6). While the Plaintiff's complaint is deficient in its current form, it is not clear that an amendment would be futile. Thus, Plaintiff should be given an opportunity to clarify and expand upon his allegations.

Dismissal with prejudice is only appropriate where amendment would be futile. *KAP Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 521, 529 (2022). In this case, the Plaintiff has not yet been given an opportunity to amend his Complaint, and it is not certain from the face of the Complaint that an amendment would be futile. Leave to amend should be given freely unless it is clear that the defect cannot be corrected.

Defendant's Motion to Dismiss is well-founded under Rule 12(b)(6), as Plaintiff's Complaint fails to state a claim upon which relief can be granted. However, the liberal construction afforded to *pro se* complaints and the potential for amendment weigh in favor of dismissal without prejudice.

### IV. CONCLUSION

For the reasons stated above, the Motion to Dismiss is **GRANTED**. However, given the Plaintiff's *pro se* status and the possibility that an amendment could cure the deficiencies in the Complaint, the dismissal should be without prejudice. The Plaintiff is **DIRECTED** to file an Amended Complaint on or before May 7, 2025. He is **WARNED** that the failure to timely comply with this directive could result in a dismissal of this action for want of prosecution under Federal Rule of Civil Procedure 41(b).

**SO ORDERED.**

Dated: April 10, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge