IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CURTIS SANDERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-2358-DWD |
| | ) |
| **BI-STATE DEVELOPMENT AGENCY,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint, which was filed on June 18, 2025. (Docs. 25 & 26). Plaintiff did not file a Response, and the time for doing so has lapsed. Also before the Court is Defendant's Motion for Summary Judgment, which was timely filed on September 24, 2025, despite the fact that Plaintiff has not served any initial disclosures, has failed to respond to any of Defendant's discovery requests, and has not otherwise pursued any discovery. (Docs. 13; 27; 28, pg. 2; 29, pg. 2).[1] As explained below, the Motion to Dismiss the Amended Complaint is **GRANTED**. The Amended Complaint is **DISMISSED with prejudice**. By extension of that ruling, the Motion for Summary Judgment is **DENIED as moot**.

### I. BACKGROUND

On or about July 25, 2024, Plaintiff Curtis Sanders, proceeding *pro se*, filed a handwritten complaint alleging that Defendant Bi-State Development Agency violated

---

[1] Discovery and dispositive motions were due by August 24 and September 24, 2025, respectively.

1

the Americans with Disabilities Act (ADA), Title VI of the Civil Rights Act, and Equal Employment Opportunity (EEO) regulations. Plaintiff bases these allegations on an incident occurring on or about May 16, 2024, where Plaintiff was denied access to place his electric bicycle on Defendant's bus bicycle rack, allegedly causing an eight-minute delay until Plaintiff was able to board the next bus. When Plaintiff allegedly asked the bus operator for the reason that Plaintiff was not able to place his bicycle on the bus's bicycle rack, Plaintiff was purportedly told that battery-powered bicycles were not permitted on the bus. The next bus driver allowed Plaintiff access and allegedly permitted him to place his bicycle on the bicycle rack, and the operator of that vehicle allegedly informed Plaintiff that the prior operator was mistaken in not allowing him to board the bus with his bicycle. As a result of this interaction, Plaintiff further alleges knee injuries stemming from the eight-minute wait for the next bus.

Defendant filed a Motion to Dismiss, arguing Plaintiff's Complaint failed to state a claim upon which relief could be granted under Rule 12(b)(6). On April 10, 2025, the Court granted that Motion to Dismiss. (Doc. 17). However, the dismissal was without prejudice. (Doc. 17). Plaintiff was directed to file an Amended Complaint on or before May 7, 2025. (Doc. 17). Plaintiff failed to meet that deadline, so he was ordered to show cause as to why the case should not be dismissed for want of prosecution under Federal Rule of Civil Procedure 41(b). (Doc. 19). Plaintiff filed a Response to the Order to Show Cause, which the Court noted "merely discuss[ed] the underlying circumstances of the case and suggest[ed] that he needs certain discovery from Defendant." (Doc. 21). Nevertheless, the Court discharged Plaintiff's obligations under the Order to Show

Cause, requiring him to file an Amended Complaint by June 18, 2025. (Doc. 21). Plaintiff filed an Amended Complaint on June 5, 2025. (Doc. 23). Defendant again seeks a dismissal of that Amended Complaint, this time with prejudice, due to Plaintiff's failure to state a claim for which relief can be granted. (Docs. 25 & 26).

## II. ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint that fails to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain enough facts to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It cannot rely on mere conclusions without factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). As previously noted in this case, courts in the Seventh Circuit typically allow litigants, particularly *pro se* litigants, at least one opportunity to amend before dismissing the complaint with prejudice under Rule 12(b)(6). *Tate v. SCR Medical Transp.*, 809 F.3d 343, 346 (2015); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013) ("[F]ee-paying plaintiffs enjoy leave to amend whenever 'justice so requires' and, as a matter of course, almost always get an opportunity to amend their complaints *at least once*.") (Emphasis added). Courts apply a less stringent standard to *pro se* complaints. *Kyle v. Patterson*, 196 F.3d 695, 697 (1999).

Here, Plaintiff still purports to allege violations of the ADA, Title VI, and EEO regulations, but his factual allegations remain woefully insufficient to support the essential elements of those claims. *See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) ("[A] district court should dismiss a complaint if the factual detail is so sketchy that the complaint does not provide the type of notice of the

3

claim to which the defendant is entitled under Rule 8. A district court's decision whether to allow a party to file a second amended complaint, however, is reviewed for abuse of discretion.") (cleaned up). Again, Plaintiff's Amended Complaint has a bare-bones nature. It does not allege the first bus driver was aware of any disability, or that the electric bicycle was a necessary accommodation for a disability. Likewise, the Amended Complaint still fails to allege any facts suggesting discrimination based on race, color, or national origin under Title VI. These deficiencies again support a Rule 12(b)(6) dismissal. Further, the Court can now find a second amendment would be futile, such that Plaintiff is not owed another opportunity to clarify, expand on, or correct his allegations. *See KAP Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 521, 529 (2022); *see also Schible v. U.S.*, No. 12-cv-59, 2012 WL 2407695, *1 (N.D. Ind. June 25, 2012) ("In the interests of judicial economy, the district court should 'scrutinize the amended complaint' and 'determine its viability' to decide 'whether filing it would be an exercise in futility.' ").

The Court stresses the Amended Complaint does nothing to address Plaintiff's deficient allegations. *Compare* (Doc. 1-2), *with* (Doc. 23). As noted by Defendant, Plaintiff's Amended Complaint "does not identify a specific disability, how he was discriminated against based on that (or any) disability, or specify how the denial of access to the bus was based on that disability." (Docs. 25, pg. 2; 26, pgs. 2-3). Plaintiff also chose not to file a Response to Defendant's Motion to Dismiss. Absent a Response, Plaintiff has failed to support his vague allegations or, alternatively, to establish another amendment would cure the deficiencies in his current allegations. *See Clinton v. Famous Dave's of America, Inc.*, No. 22-cv-802, 2022 WL 3081762, *1 (N.D. Ill. Aug. 3, 2022) (recognizing, while citing *Bonte*

4

*v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010), *Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018), and *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999), that the "[f]ailure to respond to a motion to dismiss constitutes a waiver or concession"); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807-08 (7th Cir. 2015) ("We have recognized, on many occasions, that a district court does not abuse its discretion by denying a motion for leave to amend when the plaintiff fails to establish that the proposed amendment would cure the deficiencies identified in the earlier complaint.").

The Court also emphasizes the representation that Plaintiff, without seeking any extensions of time, completely failed to participate in discovery. (Docs. 28, pg. 2; 29, pg. 2). As such, Plaintiff exhibited both delay and a lack of desire to participate in the case. Therefore, even if the Court believed it were appropriate to allow another amendment, it is unclear how Plaintiff would prove his allegations without reopening discovery. *See Gonzalez-Koeneke*, 791 F.3d at 807 ("District courts…have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.") (cleaned up); *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007) ("An amendment is futile if the amended complaint would not survive a motion for summary judgment."); *Flint v. City of Belvidere*, 791 F.3d 764, 766, 768 (7th Cir. 2015) (noting the Court's discretion to deny reopening discovery, in the absence of excusable neglect and in order to manage its caseload, "is considerable" because case management depends upon enforceable deadlines and an endpoint to discovery); *Helping Hand Caregivers, Ltd. v. Darden Restaurants, Inc.*, 900 F.3d 884, 891 (7th Cir. 2018) ("Where

the failure to secure discovery is due to a party's own lack of diligence, the district court can in its discretion hold the party to the consequences of its choice."); *Echemendia v. Gene B. Glick Mgmt. Corp.*, 263 F. Appx. 479, 481-82 (7th Cir. Feb. 6, 2008) (concluding it was not an abuse of discretion to refuse the production of new documents, where, *inter alia*, the plaintiff, but for a lack of diligence, could have pursued the documents during discovery); *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996) (concluding it was not an abuse of discretion to decline to reopen discovery, where the discovery period was ample, the motion was made three months after the filing of the defendant's motion for summary judgment, and a grant of the motion would have occasioned more discovery and a duplication of the expense of drafting and supporting the dispositive motions).

In this same vein, the Court observes Plaintiff's failure to participate in discovery with Defendant under the Scheduling and Discovery Order, despite prior warnings about want of prosecution, allows for a dismissal under Rule 41(b). *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits."); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) ("A district court has the authority under Federal Rule of Civil Procedure 41(b) to enter a sua sponte order of dismissal for lack of prosecution."); *Schroeder v. Malone*, 817 Fed. App'x 226, 226 (7th Cir. 2020) ("Dismissal for want of prosecution is presumptively with prejudice…but a district court may provide otherwise."); (Docs. 13; 17; 19; 21; 28, pg. 2; 29, pg. 2).

## III. CONCLUSION

As explained above, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**. The Amended Complaint is **DISMISSED with prejudice**. By virtue of that ruling, Defendant's Motion for Summary Judgment is **DENIED as moot**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly and to close the case.

**SO ORDERED.**

Dated: October 9, 2025

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge